IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE BAILEY,

        Petitioner,        No. CIV S-02-1246 GEB GGH P

   vs.

SCOTT KERNAN, et al.,

        Respondents.        FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's April 20, 2006, motion to vacate the stay nunc pro tunc.

Background

        Petitioner filed the original petition on June 10, 2002. On July 15, 2002, the court appointed counsel to represent petitioner. On August 14, 2003, the court granted petitioner's request to strike two unexhausted claims from his petition and ordered petitioner to file an exhaustion petition in state court by October 1, 2003. The court also recommended that petitioner's request to stay this action pending further exhaustion be granted. On October 2, 2003, the district court adopted these findings and recommendations.

/////

1

On October 3, 2003, the court granted petitioner's request to extend the deadline for filing a state exhaustion petition until December 1, 2003. On December 17, 2003, the court granted petitioner an additional request to extend this deadline to February 6, 2004.

On March 2, 2005, petitioner filed a state habeas petition in the California Supreme Court. On February 8, 2006, the California Supreme Court denied the petition as untimely.

On April 20, 2006, respondent filed the pending motion to vacate the stay nunc pro tunc. This motion was noticed for hearing on May 25, 2006. On May 23, 2006, the court issued a minute order vacating the May 25, 2006, hearing on grounds that petitioner had not filed an opposition. On May 23, 2006, petitioner filed an amended petition. On May 24, 2006, petitioner filed his opposition to the pending motion to vacate the stay. On May 25, 2006, respondent filed a reply.

Discussion

At the outset, the court observes that petitioner's opposition to the pending motion is untimely. This is not the first untimely pleading filed by petitioner's counsel.

District courts have discretion to stay habeas actions while petitioner's return to state court to exhaust additional claims. Rhines v. Weber, 544 U.S. 269, 277-279, 125 S.Ct. 1528, 1534-1535 (2005). "Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." 544 U.S. at 277, 125 S.Ct. at 1535. "Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review." Id. at 278, 125 S.Ct. at 1535. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id., 125 S.Ct. at 1535. A reasonable time limit would be 30 days after the stay is entered to file a petition in state court and 30 days to file an amended petition in federal court once exhaustion is complete. Id., citing Zarvela v. Artuz, 254 F.3d 374, 381 (2nd Cir. 2001). If a petitioner fails to act within the allotted time, the stay may be vacated nunc pro tunc as of the

date the district court entered the stay and the petition may be dismissed as a mixed petition consistent with Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982). Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2003),[1] citing Zarvela, 254 F.3d at 381.

Respondent suggests that the court vacate the stay nunc pro tunc as of October 2, 2003, i.e. the date the court entered the stay. Respondent argues that absent the stay, all of the claims raised in the state exhaustion petition would be barred by the statute of limitations. Respondent is correct in that once a case is dismissed, even without prejudice, for "relation back" purposes, it is as if the dismissed pleading had never been filed. Rasberry v. Garcia, 448 F.3d 1150, 1155 (9th Cir. 2006).

In light of the record in this case, the court would abuse its discretion if it failed to accede to respondent's request that the case be dismissed *nunc pro tunc*. Petitioner's counsel untimeliness was overlooked with respect to the filing of the required initial joint statement, docket numbers 5, 6, 7, 8. An order to show cause was issued, and discharged on account of petitioner not having filing the required joint statement. Docket numbers 9, 13. The court afterwards issued an order requiring petitioner to state how he was going to proceed for purposes of exhaustion, and numerous extensions of time were authorized. A stay of proceedings was ultimately authorized pending exhaustion, and petitioner was granted extensions of time to the deadline the court had imposed for filing the exhaustion proceeding in state court. Docket numbers 23, 24. The fact that counsel defaulted for over a year in filing the state exhaustion petition has been set forth previously, i.e, petitioner was finally ordered to exhaust by February 8, 2004, yet no state petition was filed until March 2, *2005*. This is the default which cannot be overlooked at this time. In addition, even after exhaustion, an amended petition was not filed within the thirty days found reasonable in Rhines; indeed, more than 60 days elapsed before the filing of the amended petition. To make matters worse, petitioner did not timely file his

---

[1] Viewed as overruled on other grounds, Robbins v. Carey, __ F.3d __, 2007 WL 725701 (9th Cir. 2007).

opposition to respondent's motion to vacate the stay.

Nevertheless, the court has considered petitioner's counsel's declaration primarily placing the blame for not timely filing in the state courts on investigative delay. However, this reason cannot be honored in that investigative delay was the reason for granting extensions of time in the federal case in the first instance where petitioner delayed in informing the court whether further claims needed to be exhausted. Petitioner impliedly averred, at the very least, that the case was ready for state exhaustion when he requested a stay and abeyance; the undersigned cannot find that further investigation was warranted in order to file a timely state petition. At least no valid reason would exist for the non-filing for over a year from the finally ordered (and extended) date.

Therefore, at this point, the court would have little choice but to recommend that the stay entered by the district court be vacated *nunc pro tunc*, and that the case be dismissed as a mixed petition as of that time.[2] If adopted, the vacating of the stay would have the effect of rendering the filing of the most recent amended petition in this case a nullity. That is, one cannot file an amended pleading in a case which has been dismissed, in effect, for approximately two years at the time of filing. Nor can the dismissed petition normally be resurrected.

However, respondent does not request that the entire petition be dismissed. Respondent suggests that only those exhausted claims in the original petition be preserved and proceeded upon. Response dated May 25, 2006 at 3. Although respondent would be entitled to a complete dismissal of the case at this point, the undersigned will abide by respondent's suggestion.

\\\\\

\\\\\

---

[2] The only reason the undersigned struck the unexhausted claims from the petition on August 14, 2003, was at petitioner's request to facilitate a stay of the case. At that time, Ninth Circuit law was to the effect that a mixed petition could not be stayed.

Conclusion

Accordingly, the undersigned RECOMMENDS that respondent's April 20, 2006, motion to vacate the stay is granted in part and the stay entered in this case on October 2, 2003 be vacated *nunc pro tunc*; and that all claims unexhausted at that time be finally dismissed; and that this case proceed only upon the exhausted claims in the original petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 4/30/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
bail1246.sta