IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BAILEY III,<br><br>               Petitioner,<br><br>     vs.<br><br>JAMES WALKER,[1] Warden, California<br>State Prison – Sacramento,<br><br>               Respondent. | No. 2:02-cv-01246-JWS<br><br>MEMORANDUM DECISION |

Petitioner Willie Bailey, III, a state prisoner appearing through counsel, filed a petition for relief in the Court under 28 U.S.C. § 2254.  Bailey is currently in the custody of the California Department of Corrections incarcerated at the California State Prison – Sacramento.  Respondent has filed an answer to the petition, to which Bailey has replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

Bailey was convicted in December 1997 of two counts of first degree murder.  Bailey was sentenced to two consecutive terms of life without the possibility of parole (LWOP), plus an additional 20 years for firearm enhancements with the determinate firearm enhancements to be served before the concurrent LWOP sentences.  Bailey timely appealed his conviction to the California Court of Appeal, Third Appellate District, which affirmed his conviction in a reasoned, unpublished decision.  The California Supreme Court summarily denied review without opinion or citation to authority on October 17, 2001.  On April 22, 2002, Bailey filed a petition for a writ of habeas corpus in the California Supreme Court, which summarily denied the petition citing *In re Dixon* (1953) 41 Cal. 2d 756 [264 P.2d 513] and *In re Waltreus* (1965) 62 Cal. 2d 218 [397 P.2d 1001], on May 22, 2002.

Bailey timely filed his *pro se* petition for relief in this Court on June 10, 2002.

---

[1] James Walker, Warden, California State Prison – Sacramento, substituted for T. L. Rosario, Warden, Sacramento State Prison – Sacramento.  Fed. R. Civ. P. 17(d).

The Court appointed counsel for Bailey and granted counsel's motion to stay the proceedings pending exhaustion of additional claims in state court.  On May 23, 2006, Bailey, through counsel, filed an amended petition.  On July 16, 2007, upon the motion of Respondent, the Court vacated the stay *nunc pro tunc* and dismissed all claims that were not exhausted on October 2, 2003, and the case proceeded on only the claims that were exhausted in the original petition.  On July 24, 2007, the Court ordered that Respondent respond to the exhausted claims.

## II.  GROUNDS RAISED/DEFENSES

In his amended petition Bailey raises five claims:  (1) admission of a hearsay statement made by codefendant violated his right to confrontation under *Bruton*;[2] (2) the prosecution's suppression of tape recording of a telephone conversation allegedly between Bailey and another person until morning of trial denied him a fair trial; (3) trial court's refusal to permit the testimony of a voice identification expert denied him a fair trial; (4) ineffective trial counsel in failing to (a) seek a continuance when the tape was first produced on the morning of trial, (b) obtain more than one witness to support the proffer of expert testimony of the voice identification expert, (c) call counsel's secretary to rebut the voice identification on the tape recording, (d) adequately investigate Bailey's alibi defense, and (e) adequately advise or consult with Bailey concerning his right to testify; and (5) ineffective appellate counsel by failing to raise second through fourth grounds on direct appeal.

The Court has reviewed the record on direct appeal and the application for a writ of habeas corpus filed in the California Supreme Court to determine those grounds that were properly exhausted.  In his direct appeal, Bailey raised six issues, only one of which is raised in the amended petition: admission of hearsay statement made by co-defendant violated his right to confrontation under *Bruton* (Ground 1).  On direct appeal Bailey also claimed that the trial court erred in not granting a continuance when the existence of the taped telephone conversation was not disclosed until the day of opening statements.[3]  Respondent concedes that this issue included the ineffective assistance of trial counsel claim to the extent that it alleges failure to seek a

---

[2] *Bruton v, United States*, 391 U.S. 123 (1968).

[3] Bailey does not raise the claim that the trial court erred in not granting the continuance in his amended petition before this Court.  It has therefore been abandoned.

continuance when the existence of a taped telephone conversation was initially disclosed (Ground 4(a)).   In his petition for a writ of habeas corpus to the California Supreme Court, Bailey raised a single issue: that the trial court erred in not granting a continuance to obtain a voice identification expert.  Neither Bailey nor Respondent have identified any other claim that was exhausted as of October 2, 2003.  In his traverse, Bailey addresses solely the first ground.

Accordingly, the Court will address only Ground 1 and Ground 4(a) in this decision.  All other grounds raised in the amended petition have been dismissed.

### III.  STANDARD OF REVIEW

Because Bailey filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[5]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[6]  When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be "objectively unreasonable," "not just incorrect or erroneous."[7]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher

---

[4]  28 U.S.C. § 2254(d); *Bailey v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[5]  *Bailey v. Taylor*, 529 U.S. at 412.

[6]  *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam); *Moses v. Payne*, 543 F.3d 1090, 1103 (9th Cir. 2008) (holding that where the Supreme Court has not directly considered an issue, the decision of a state court cannot be contrary to or an unreasonable application of clearly established Supreme Court precedent).

[7]  *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

threshold than simply believing the state court determination was incorrect.[8]  Finally, in a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[9]

In applying this standard, this Court reviews the last reasoned decision by the state court.[10]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[11]

When there is no reasoned state court decision denying an issue presented to the state court and  raised in a federal habeas petition, this Court must assume that the state court decided all the issues presented to it and perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.[12]  The scope of this review is for clear error of the state court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Bailey. . . .* Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law.  Only by that examination may we determine whether the state court's decision was objectively reasonable.[13]

---

[8] *Schriro v. Landrigan*, 550 U.S. 465, ___, 127 S. Ct. 1933, 1939 (2007).

[9] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S. Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[10] *Ylst v Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004)

[11] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[12] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

[13] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

## IV.  DISCUSSION

Ground 1:  *Bruton* Error.

A statement made by Bailey's codefendant, Martin, to a police officer during the investigation that he had been forced to drive the car and that a "dude shot out the window" was admitted at trial.  The jury was instructed not to consider the statement as evidence against Bailey.  On appeal Bailey contended that, because the codefendant did not testify at their joint trial, admission of this statement violated his Sixth Amendment right to confront the witness against him.  After a thorough and thoughtful analysis of *Bruton* and its progeny, the California Court of Appeal agreed that it was error to admit that statement.  The California Court of Appeal, however, also ruled that the error was harmless.

> Whether the denial of a defendant's constitutional right of confrontation requires reversal, however, is evaluated under the standard specified in *Chapman v. California* (1967) 386 U.S. 18 [17 L. Ed. 2d 705], that it be harmless beyond a reasonable doubt.  (*Lilly v. Virginia, supra,* 527 U.S. 116, 139-140 [144 L.Ed.2d 117, 136]; see *People v. Archer, supra,* 82 Cal. App. 4th at p. 1390.)  This analysis "generally depends on whether the properly admitted evidence is so overwhelming as to the guilt of the nondeclarant that a reviewing court can say the constitutional error is harmless beyond a reasonable doubt."  (*Ibid.*)

> First, we must look at the scope of the error.  Defendant concedes in his reply brief that the "essence of [his] argument was that the court failed to adequately redact the statement because in combination with other evidence it was clear that Martin was accusing [Bailey] of doing the shooting."  Thus, he implicitly concedes that a simple confession that Martin was driving the car from which the shootings took place, without mentioning whether he was the only person in the car (similar to the judicially sanctioned confession in *Richardson*), would have been acceptable.  Second, and focusing on the improperly admitted portion of the statement -- that some "dude" shot out the rear window of the car he was driving -- we can unhesitatingly say that based on the evidence adduced at trial, the admission of that part of Martin's statement was harmless beyond a reasonable doubt.  Martin's testimony established only that the fatal shots were fired from the rear seat of his car.  Not only was that fact otherwise established -- by the testimony of an eyewitness (Ms. Flores), the recovery of the expended shells from the rear seat of Martin's car and from the ground nearby, and from evidence consistent with gunshot residue near the rear passenger window of Martin's car -- but Bailey admitted to Derricott that he shot the victims.  Moreover, Bailey told Hargrove that he was concerned about leaving fingerprints on the gun and asked Juarez to help him find the gun.  Finally, Bailey threatened

Hargrove about saying anything.  There is no ground for reversal based on Martin's statement that a "dude" in the car fired the shots when Bailey himself admitted firing the gun, when there was gunshot residue near the rear passenger window, and when other witnesses identified the shots coming from a passenger side window.

Before this Court may grant relief, it must find that any constitutional error was not harmless.  Specifically, under *Brecht v. Abrahamson*, the Court must find that the error "had substantial and injurious effect or influence in determining the jury's verdict."[14]  While numerous cases in applying *Brecht* refer to the overwhelming evidence of the petitioner's guilt,[15] this tends to overstate the quantum of evidence necessary to establish harmless error under *Brecht*.[16]  "Only if the record demonstrates that the jury's decision was substantially influenced by the error or there is grave doubt about whether an error affected a jury will [Bailey] be entitled to relief"[17]  In applying *Brecht*, this Court assesses the strength of the state's evidence apart from the erroneously admitted evidence.[18]  The Ninth Circuit teaches us in *Valerio v. Crawford*[19] that the "substantial and injurious effect or influence" test of *Brecht* presents a higher bar for the state to hurdle than the "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" sufficiency of the evidence test in *Jackson v. Virginia*.[20]  The State, rather than the

---

[14] 507 U.S. 619, 622 (1993); *see also Fry v. Pliler,* 551 U.S. at ___, 127 S. Ct. at 2328 (holding that the *Brecht* standard applies whether or not the state court recognized the error and reviewed it for harmlessness).

[15] *See, e.g., Moses v. Payne*, 543 F.3d 1090, 1100 (9th Cir. 2008); *Larson v. Palmateer*, 515 F.3d 1057, 1064 (9th Cir. 2008); *Jackson v. Brown*, 513 F.3d 1057, 1082 (9th Cir. 2008); *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007).

[16] *See, e.g., Brecht,* 507 U.S. at 639 (finding harmless error in part because "the State's evidence of guilt was, if not overwhelming, certainly weighty").

[17] *Sechrest v. Ignacio*, 549 F.3d 789, 808 (9th Cir. 2008) (citations and internal quotation marks omitted).

[18] *Sims v. Brown*, 425 F.3d 560, 570–71 (9th Cir. 2005).

[19] 306 F.3d 742, 761–62 (9th Cir. 2002) (en banc).

[20] 443 U.S. 307, 319 (1979) (emphasis in the original).

petitioner, bears the risk of doubt in a *Brecht* harmless error analysis.[21]   Thus, the state must provide the Court with a "fair assurance" that there was no substantial and injurious effect on the verdict.[22]

As the California Court of Appeal found, the testimony of the witnesses, the physical evidence, and the admissions made by Bailey, although not overwhelming, are sufficiently weighty standing alone to sustain Bailey's conviction.   In particular, the taped telephone conversations between Bailey and Derricott in which he admitted shooting at the victim are significant.   In attempting to undermine the significance of that, Bailey points out that he only admitted to being armed with a pistol.   Reading that part of the transcript of the telephone conversation in context does not assist Bailey.   The context in which that part of the conversation occurred was in response to Derricott's question about why people carry guns in the first place.   In response Bailey stated he carried a gun every day because he was a licensed security guard.   He also admitted that he was carrying a .22 in his sock when he went to the crime scene.   That does not necessarily contradict the testimonial and physical evidence that the shots were fired from a rifle on the passenger side of a moving vehicle or, more importantly, that Bailey fired the shots.   But perhaps more telling is the complete lack of any evidence that Bailey was not the shooter.   There is no competing inference to be drawn from the evidence, even in the absence of the improperly admitted statement of Bailey's codefendant, to the inference that Bailey was the shooter.   In short, there is no conflicting evidence that undermines the probative value or weight of the evidence presented by the prosecution that points to Bailey as the shooter.   While the improperly admitted statement no doubt played a role in the chain of evidence establishing that Bailey was the shooter, it was neither critical nor indispensable. The Court cannot say that its admission had a substantial and injurious effect on the verdict.

Bailey is not entitled to relief under his first ground.

---

[21] *See O'Neal v. McAninch*, 513 U.S. 432, 439 (1995).

[22] *Valerio*; *see also O'Neal,* 513 U.S. at 443 ("the State normally bears responsibility for the error that infected the initial trial").

Ground 4(a):  Ineffective Trial Counsel (Failure to Seek a Continuance).

During his opening statement to the jury, the prosecutor asserted that the evidence to be presented would include statements by Bailey contained in tape-recordings of telephone conversations between Bailey and the witness, Derricott, and he described them as including admissions by Bailey that he had been at the scene of the shootings and that he had been armed. Immediately after the prosecutor's opening statement, defense counsel advised the court that he had first learned of the existence of the tape recording that same morning and that he was "concerned" about its admissibility as evidence.  Bailey argues that trial counsel was ineffective for failing to request a continuance to investigate the authenticity, audibility, or admissibility of the tape recording at that time.  The California Court of Appeal did not address this issue in its decision affirming the conviction; consequently, this Court must assume that the state court decided all the issues presented to it and perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.[23]

To demonstrate ineffective assistance of counsel, Bailey must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[24] A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[25]  Bailey must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[26]

Bailey's arguments on this point are terse and undeveloped.  Other than asserting that counsel failed to move to continue, Bailey does not explain how this was ineffective.  In particular, Bailey fails to make any showing of prejudice by the failure to request a continuance at that time.  Bailey has the burden of proving both deficient performance and prejudice.  While

---

[23] *Reynoso v. Giurbino, supra*; *Pham v. Terhune, supra.*

[24] *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

[25] *Id.*

[26] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

with respect to the prejudice prong ("a reasonable probability that, . . ., the result would have been different") is something less than a preponderance the evidence,[27] a petitioner must nevertheless introduce some evidence to show prejudice.  This burden Bailey has demonstrably failed to carry.  This Court cannot find that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different

Bailey is not entitled to relief on the basis that trial counsel was ineffective for failing to request a continuance asserted in Ground 4(a).

V.  CONCLUSION AND ORDER

The remaining grounds not addressed in this decision having been dismissed as unexhausted, Williams is not entitled to relief under any grounds raised in the petition. Accordingly,

**IT IS ORDERED THAT** the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[28]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter final judgment accordingly.

Dated:  February 2, 2009.

/s/ John W. Sedwick<br>JOHN W. SEDWICK<br>United States District Judge

---

[27] *See Woodford v. Viscotti*, 537 U.S. 19, 22–24 (2002).

[28] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks and citations omitted).